# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYQUIN RAY BROWN,<br>Plaintiff,<br>v.<br>THE CITY OF FRESNO, et al.,<br>Defendants.<br>/ | **Case No. 1:18-cv-01428-AWI-SKO**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**21-DAY DEADLINE** |

## I. BACKGROUND

On October 15, 2018, Plaintiff, proceeding pro se, filed a civil rights complaint against Defendants City of Fresno, Clovis Police Department, Sergeant V. Weibert, Officer N. Mason, Officer C. Taliaferro, Corporal S. Borsch, Officer M. Bradford, Officer E. Roehlk, Officer E. Taifane, and Officer A. Fresnh purporting to allege causes of action under 42 U.S.C. § 1983 ("section 1983") for false arrest, excessive force, due process violations, and municipal and supervisory liability, and causes of action under state law for conspiracy and negligent hiring and retention. (Doc. 1. ("Compl.") at 6–9.) Plaintiff seeks compensatory damages, punitive damages, and "reasonable attorneys' fees, costs, and disbursements." (*Id.* at 9.) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on October 17, 2018. (Docs. 2 & 3.)

Plaintiff's Complaint is now before the Court for screening. Although Plaintiff names a number of officers of the Clovis Police Department as Defendants, he fails to sufficiently link them to his factual allegations. Plaintiff also attempts to pursue municipal and supervisory liability claims against the City of Fresno based on conclusory allegations without supporting facts. However,

Plaintiff may be able to correct the deficiencies in his pleading to state a cognizable claim. He is therefore given the pleading requirements, the standards for claims for the rights he asserts have been violated, and leave to file a first amended complaint.

## II. LEGAL STANDARDS

### A. Screening Requirement

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

#### 1. Federal Rules of Civil Procedure 8(a)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are

taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### 2. **Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). It "creates a cause of action based

on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Section 1983 requires that there be an actual connection or link between the defendant's actions and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 376 (1976).

A plaintiff cannot hold an officer liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). A plaintiff must "establish the 'integral participation' of the officers in the alleged constitutional violation." *Jones*, 297 F.3d at 935. "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004). It does, however, require "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). But the sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///

///

**III. DISCUSSION**

**A. Plaintiff's Allegations**

Plaintiff alleges that on January 12, 2018, he mistakenly parked his vehicle in a space designated for an "Uber" vehicle in the parking lot of the "Saddle Back club." (Compl. ¶12.) As he was walking to the back of the club, a security guard named "Mr. Hawkins" told Plaintiff he could not park in that parking area and would not be let into the club. (*Id*. ¶¶ 13–14.) Plaintiff and Mr. Hawkins "exchanged additional words," at which point Plaintiff told the security guard "not to talk to him like a little kid" and walked off the property. (*Id*. ¶ 13.) Mr. Hawkins followed Plaintiff and, when asked why he was being followed, the security guard responded that "a Clovis Police Officer" told him to do so. (*Id*. ¶ 15.)

As Plaintiff was standing in line to get into another club, Defendant Sergeant V. Weibert asked Plaintiff for his identification "without explain[ing] to Plaintiff what he did wrong." (Compl. ¶ 16.) Plaintiff alleges that Sergeant Weibert then grabbed Plaintiff's right arm and twisted it, while "another officer grabbed [P]laintiff from the back by the neck," "started choking him," and "slammed [him] to the ground." (*Id*. ¶ 17.) Plaintiff further alleges that "other officers" then "started kicking him," at which point he "felt a pull to his shoulder and his shoulder was pulled out of place." (*Id*.)

Plaintiff alleges that he then heard Mr. Hawkins, the security guard, tell the officers "now get him before I hurt him." (Compl. ¶ 17.) According to Plaintiff, "the officer's body cam video" recorded Mr. Hawkins' statement that he would hurt Plaintiff, but "it was later determined from a court hearing" that the video was deleted. (*Id*. ¶ 18.) Plaintiff contends that Mr. Hawkins was not charged with making the threat against Plaintiff "because it was later determined that one of the officers trains the security guard on the weekend." (*Id*. ¶ 19.)

**B. Claims for Relief**

The gravamen of Plaintiff's Complaint is that Sergeant Weibert and other employees of the Clovis Police Department falsely arrested Plaintiff, used excessive force during the course of that arrest, and failed to arrest security guard Mr. Hawkins for making threats, in violation of section 1983 and state law. (Compl. ¶¶ 17, 18, 24–26.) Plaintiff also asserts that Defendant City of Fresno

is liable under section 1983 and state law. (*See id*. ¶¶ 29–31.)

### 1. Fourth Amendment—False Arrest and Excessive Force

A claim for false arrest and imprisonment can be the basis for compensatory relief under section 1983 as a Fourth Amendment violation when the arrest is alleged to have been made without probable cause or justification.[1] *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under section 1983 for false arrest, however, a plaintiff must allege facts to support a lack of probable cause for his arrest. *See Cabrera v. City of Huntingdon Park,* 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach,* 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground,* 943 F.2d 1132, 1135 (9th Cir. 1991).

The use of excessive force by law enforcement officers in effectuating an arrest also states a valid claim under section 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986). Excessive force claims that arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham,* 490 U.S. at 394–95. The reasonableness inquiry in excessive force cases is an objective one, the question being whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation, and without the "20/20 vision of hindsight." *See id.* at 396–97.

Here, Plaintiff has failed to allege facts to support a lack of probable cause for his arrest, nor does he link any of the named Defendants to any specific factual allegations sufficient to show their "integral participation" in the alleged deprivation of Plaintiff's Fourth Amendment rights.[2] While Plaintiff may be able to state a cognizable claim for excessive force against Sergeant Weibert for grabbing Plaintiff's right arm and twisting it, Plaintiff does not sufficiently plead facts to show that Sergeant Weibert's actions were objectively unreasonable under the circumstances. Plaintiff further

---

[1] Plaintiff asserts his First Cause of Action for false arrest based on underlying violations of the Fourth and Fourteen Amendments. (*See* Compl. ¶¶ 24–26.) Such a claim, however, is properly pleaded under the Fourth, not the Fourteenth, Amendment. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994) (upholding dismissal of Fourteenth Amendment claims based on arrest warrant allegedly issued without probable cause).

[2] While Plaintiff identifies "Officer Droneck" as the "arresting officer," he is not named as a defendant in the Complaint.

alleges that "officers" grabbed him from the back, choked him, slammed him the ground, and kicked him, but does not identify which of the named Defendants he believes are responsible for these acts. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Indeed, Plaintiff does not mention Officer N. Mason, Officer C. Taliaferro, Corporal S. Borsch, Officer M. Bradford, Officer E. Roehlk, Officer E. Taifane, and Officer A. Fresnh anywhere in the Complaint, other than in his list of defendants and to identify them as employees of the Clovis Police Department. Accordingly, Plaintiff fails to state a claim under section 1983 for violation of his Fourth Amendment rights.

### 2. Fourteenth Amendment—Due Process

Without supporting facts, Plaintiff appears to allege that "Defendants" violated his right to due process of law under the Fourteenth Amendment. (*See* Compl. ¶ 24.) The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

A section 1983 claim for a violation of procedural due process has three elements: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904. Here, it is not clear what liberty or property interest Plaintiff believes was deprived. As a result, Plaintiff has not stated a cognizable claim for a deprivation of procedural due process.

With respect to substantive due process, the Supreme Court has said that "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 274 (1994) (quoting *Graham*, 490 U.S. at 395). When a plaintiff asserts the right to be free from arrest and prosecution without probable cause, "substantive due process, with its 'scarce and open-ended'

7

'guideposts,' can afford him no relief." *Id.* at 275 (plurality) (internal citation omitted). The Ninth Circuit in *Awabdy v. City of Adelanto* confirmed that "[t]he principle that *Albright* establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." 368 F.3d 1062, 1069 (9th Cir. 2004) (citing *Albright*, 510 U.S. at 268, 271)). Thus, to the extent Plaintiff's false arrest claim is based on deprivation of his Fourteenth Amendment rights to substantive due process, it too is not cognizable. *See Hazlett v. Dean*, No. CIV 2:12–01782 WBS DAD, 2013 WL 1749924, at *2 (E.D. Cal. Apr. 23, 2013); *Chaffee v. Chiu*, No. C–11–05118–YGR, 2012 WL 1110012, at *6 (N.D. Cal. Apr. 2, 2012) (dismissing "generalized substantive due process claims under the Fourteenth Amendment" where the First and Fourth Amendments were "explicit textual sources of constitutional protection in this action").

### 3. "Failure to Intervene"/"Failure to Arrest"

The Ninth Circuit has held that "'police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.'" *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1289-90. "[I]f a violation happens so quickly that an officer had no 'realistic opportunity' to intercede, then the officer is not liable for failing to intercede." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159 (N.D. Cal. 2009) (quoting *Cunningham*, 229 F.3d at 1289-90)).

Here, the Complaint lacks facts that that any of the named Defendants were on notice that Plaintiff's constitutional rights had been or were being deprived. It merely alleges that "Defendants . . . failed to intervene in each other's obviously illegal actions." (Compl. ¶ 26.) As set forth above, it is not clear whether any of the named Defendants directly participate in the alleged constitutional violations arising from the arrest.

Plaintiff's allegation that "Defendants" are liable under section 1983 for failing to arrest security guard Mr. Hawkins is equally without merit. Generally, state actors are generally "not liable for . . . omissions" under section 1983. *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). Police officers do not owe a duty to investigate or "verify" allegations

simply because a citizen asks them to do so. *See Dixon*, 2012 WL 6160797, at *5. At best, Plaintiff has alleged inaction by police officers, which "cannot be used to invoke a violation of the Constitution." *Id.* Accordingly, Plaintiff's Complaint fails to state a section 1983 claim on this basis.

### 4. Municipal and Supervisory Liability

#### a. Municipal (*Monell*) Liability

Local governments (*i.e.*, municipalities) are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). However, a local government's liability is limited. Although a local government may be held liable for its official policies or customs, it cannot be held liable for an employee's actions outside the scope of these policies or customs. *Id.* at 691.

To state a civil rights claim under *Monell* against a local government related to a custom or policy, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See id.*, 436 U.S. at 690–92; *see also Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough [under *Monell*] for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."). A municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.* Municipalities can be held liable "if its deliberate policy caused the constitutional violation alleged." *Blackenhorn*, 485 F.3d at 484.

Plaintiff's Complaint alleges that Defendant City of Fresno is liable under section 1983 because it has been made aware of "the regular use of excessive force and false arrests by its police officers" but has "nevertheless exhibited deliberate indifference" by creating "a policy or custom under which unconstitutional practices occurred." (Compl. ¶¶ 29–31.) Plaintiff references "lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial

rulings suppressing evidence and finding officers incredible as a matter of law," but alleges no facts from which to infer that the City of Fresno systematically condones or endorses the excessive use of force, or unlawful detentions and searches. Thus, Plaintiff's conclusory allegations, without specific supporting facts, do not plausibly state a claim for municipal liability against the City of Fresno.[3]

### b.  Supervisory Liability

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts to support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit . . . where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

Here, Plaintiff pleads that Defendant City of Fresno has been "grossly negligent in managing subordinates," without any facts to support this allegation. It is an open question as to whether supervisory liability can attach to a municipality, *see Orr v. Cty. of Sacramento*, No. CIV. S–13–0839 LKK/AC, 2013 WL 4519637, at *7 (E.D. Cal. Aug. 26, 2013), but even if it could, Plaintiff

---

[3] Plaintiff alleges that the named Defendants are employees of the Clovis Police Department, which is named in Plaintiff's list of defendants but nowhere else in the Complaint. The Court observes that the Clovis Police Department is subdivision of City of *Clovis*—not the City of Fresno.

fails to state such a claim. "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, "for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion, even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, any allegation that supervisory personnel are somehow liable solely based on the acts of those under his or her supervision, does not state a cognizable claim.

**5.   Conspiracy**

Plaintiff alleges that "Defendants" agreed to violate his rights. (Compl. ¶. 33.) In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *Karim–Panahi*, 839 F.2d at 626. Plaintiff therefore must allege that at least two of the named Defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

Here, Plaintiff has not identified which of the named Defendants "agreed to cover up the assault committed against other officers," which of the named Defendants "conspired to cover up threats that [were] made by the security guard [Mr. Hawkins]," and which of the named Defendants "tried to cover up what really happened by deleting body cam footage." (*See* Compl. ¶¶ 33–35.)

11

Moreover, as set forth above, Plaintiff has not pleaded facts supporting the allegation any of these actions violated Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a claim for conspiracy.

### 6. State Law Claims

#### a. Negligent Hiring and Retention

Plaintiff alleges that Defendant City of Fresno's "negligence in hiring and retaining" the named Defendants caused Plaintiff harm. (Compl. ¶¶ 49–54.) The California Government Claims Act immunizes public entities from tort liability in all cases except those where liability is explicitly created by a particular statute. Cal. Gov't Code § 815(a). *See also Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998) (stating that "in California, all government tort liability must be based on statute," and citing Cal. Gov't Code § 815(a)) (citation and quotation marks omitted). However, pursuant to California Government Code § 815.2(a), a public entity may be sued in tort based on a *respondeat superior* theory of vicarious liability. *See, e.g., Miklosky v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900, 188 P.3d 629, 644 (2008) (noting that "Section 815.2, subdivision (a), codifies the doctrine of *respondeat superior* as it applies to public entities"); *Hoff*, 19 Cal. 4th at 932 (stating that through Section 815.2(a), "the California Tort Claims Act expressly makes the doctrine of *respondeat superior* applicable to public employers") (citing *Mary M. v. City of L.A.*, 54 Cal. 3d 202, 209, 814 P.2d 1341, 1344 (1991)). Specifically, a "public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a).

It is clear from Plaintiff's allegations that his claim is not premised on a *respondeat superior* theory of liability; instead, it is a claim alleged directly against Defendant City of Fresno. (Compl. ¶¶ 49–54.) Such a claim is based on the common law and, accordingly, is not cognizable as currently pleaded. *See Berman v. Sink*, No. CV F 13–0597 LJO SAB, 2013 WL 2360899, at *16 (E.D. Cal. May 29, 2013) ("There is no dispute that the County is not subject to a direct claim for negligent hiring, retention, supervision, training and staffing. Such a direct negligence claim is subject to dismissal."). In his amended complaint, Plaintiff may attempt to present a statutory basis for his

negligent hiring and retention claim, if he is able.

**b.    Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Hence, jurisdiction over Plaintiff's claims under California law will only be exercised by this Court so long as he has federal claims pending.

**IV.    CONCLUSION AND ORDER**

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v.*

13

*Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint (Doc. 1) is dismissed for failure to state a cognizable federal claim;

2. Within twenty-one (21) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **January 11, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

14